IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED IN OPEN COURT
10/9/07
RALPH L. DeLOACH, CLERK
BY Q. Stepp
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| Plaintiff, | } | |
| v. | } | No. 07-20047-01-CM |
| ROGER ALBERT BUTTER | } | |
| Defendant. | } | |

## PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney, Kim I. Martin, and Roger Albert Butter, the defendant, personally and by and through defendant's counsel, Ronald E. Wurtz, hereby enter into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count(s) 2 of the Indictment charging a violation of Title 18, United States Code, § 2422(b), that is, use of a facility of interstate commerce that is a computer to attempt to entice a minor to engage in sexual activity. By entering into this plea agreement, the defendant admits to knowingly committing this offense, and to being guilty of this offense. The defendant understands that the maximum sentence which may be imposed as to Count of the indictment to which the defendant has agreed to plead guilty is not less than 5 years nor more than 30 years imprisonment, a $250,000 fine, not more than 5 years of supervised release, and a $100 mandatory special assessment. The United States agrees that at the time of sentencing it will move for dismissal of the remaining counts of the indictment.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> Beginning November of 2003 the defendant began communicating with SS an underage female living in Tennessee. The defendant met the girl in a Yahoo! chatroom. The computer conversations continued through November of 2004. During the course of these conversations the defendant made numerous references about having sex with the minor female. The defendant talked to the girl about coming to visit her and taking pictures of her while he was there. It was clear from the conversation that the defendant was talking about taking sexually explicit photographs of the girl. The defendant talked to the girl about the two of them engaging in oral, anal, and vaginal sex when he visited. He also asked the girl if she would be willing to have a three some with his wife. Finally, on more than one occasion the defendant spoke to the minor about watching him masturbate via his web cam while they were talking. The defendant asked the girl if she could see him and she indicated that she could. On several occasions the defendant refers to watching the girl on web cam as well.

> In approximately May of 2003 the defendant traveled to Tennessee to meet SS and have sex with the minor female he had met online. The defendant admitted that he did in fact travel to Tennessee with the intent to engage in sexual activity with SS. The defendant stated that when he got there he was unable to do it. When asked why he was unable to go through with it, the defendant admitted he probably would have done something if the girl had not brought her sister along.

> Authorities interviewed the minor female SS who indicted that she had met the defendant in a Yahoo! chatroom. She stated that they communicated online and via the telephone for approximately a year. She stated that the defendant told her he wanted to have sex with her and it made her uncomfortable. She stated she liked him as a friend, but she did not like the fact that he was more than 20 years older that her. SS further stated that the defendant would constantly invite her to view his web cam, but she did not like to look at it because most of the time he was masturbating. She did however agree to look at it on several occasions because he wouldn't stop asking her about it. She confirmed that the defendant did come to see her, and they met at the Wal-Mart in Selmer, Tennessee. She stated that she knew the defendant intended to have sex with her during their meeting and she did not want to have sex with him, so she brought her sister with her to the meeting. The defendant expressed to SS that he was not happy that her sister was there.

3. **Application of the Sentencing Guidelines.** The parties request that the United States Sentencing Guidelines (Guidelines) be applied by the Court to calculate the

applicable sentence in this case and that a sentence consistent with the Guidelines be imposed by the Court. The defendant further waives any right to have facts that determine the offense level under the Guidelines alleged in an indictment and found by a jury beyond a reasonable doubt; agrees that facts that determine the offense level will be found by the Court at sentencing by a preponderance of the evidence and agrees that the Court may consider any reliable evidence, including hearsay; and the defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The parties further agree to request a sentence within the guideline range determined to be appropriate by the U.S. Probation Department. In other words, the United States will not request a sentence in excess of the high end of the guideline range and the defendant will not request a sentence below the low end of the guideline range. The parties understand this agreement binds the parties only and does not bind the Court.

4.  **Relevant Conduct.**  The defendant understands that the conduct charged in any dismissed counts of the indictment is to be considered as well as all other uncharged related criminal activity as relevant conduct for purposes of calculating the offense level for Count 2, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5.  **Government's Agreements.**  In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

    a.    To not file any additional charges against the defendant arising out of the facts forming the basis for the present indictment;

    b.    To recommend a sentence at the low end of the applicable guideline range;

    c.    To recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of

responsibility. In addition, the United States will move at the time of sentencing for the defendant to receive an additional one (1) level reduction for acceptance of responsibility because the defendant timely notified the government of his intention to enter a plea of guilty. However, the government's obligation concerning acceptance of responsibility is contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true, willfully obstructs or impedes the administration of justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the United States reserves the right to withdraw this recommendation without breaching this agreement;

In the event the defendant breaches or violates this plea agreement or otherwise fails to adhere to its terms, the United States shall not be bound by this paragraph and may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred. The defendant understands and agrees that in the event the defendant violates this plea agreement, all statements made by the defendant subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against the defendant in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rules of Criminal Procedure, § 11(f), Federal Rules of Evidence, § 410, or any other federal rule that pertains to the admissibility of any statements made by the defendant subsequent to this plea agreement.

6. **Sentence to be Determined by the Court.**   The defendant understands that the sentence to be imposed will be determined solely by the United States District

Judge. The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

7. **Information Provided by Defendant.** The United States agrees not to use new information the defendant provides about the defendant's own criminal conduct except as specifically authorized by U.S.S.G. § 1B1.8. As such, this information may be revealed to the Court but may not be used against the defendant in determining the defendant's applicable guideline range or departing above his guideline range. Defendant understands and agrees, however, that under U.S.S.G. § 1B1.8, there shall be no such restrictions on the use of the information: (1) previously known to the United States; (2) revealed to the United States by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; (4) in the event there is a breach of this agreement; or (5) in determining whether and to what extent a downward departure as a result of a government motion pursuant to Title 18, U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 is warranted.

8. **Withdrawal of Plea Not Permitted.** The defendant understands that if the court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

9. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against the defendant at the time of sentencing. The defendant agrees to deliver payment to the clerk of the court in the appropriate amount no later than the day of plea. If the defendant fails to make full payment of the special assessment the United States will no longer be bound

by the provisions contained in Section 4(b) of this agreement. The burden of establishing an inability to pay the required special assessment lies with the defendant.

**10.  Waiver of Appeal and Collateral Attack.**   Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

**11.  Sex Offender Registration.**  The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's

6

employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes the name, residence address and the names and addresses of any places at which the defendant is or will be an employee or student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by a fine or imprisonment, or both.

12. **Waiver of FOIA Request.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

13. **Waiver of Claim for Attorney's Fees.** The defendant waives all claims under the Hyde Amendment, Title 18, U.S.C. § 3006A, for attorneys fees and other litigation expenses arising out of the investigation or prosecution of this matter.

14. **Full Disclosure by United States.** The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant

understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

15. **Parties to the Agreement.**   The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

16. **No Other Agreements.**   The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties.

The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

_____     Date: 10-9-07
SCOTT RASK15643
Criminal Chief/Supervisor
500 State Ave., Suite 360
Kansas City, KS 66101
(913) 551-6730 (telephone)
(913) 551-6541 (facsimile)
E-mail: scott.rask@usdoj.gov

_____     Date: 10-9-07
KIM I. MARTIN, # 13407
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
(913) 551-6730 (telephone)
(913) 551-6541 (facsimile)
E-mail: kim.martin@usdoj.gov

_____     Date: 10-9-07
ROGER A. BUTTER
Defendant

_____     Date: 10-9-07
RONALD E. WURTZ
Federal Public Defender
424 S. Kansas Avenue Rm205
Topeka, Kansas 66603
Attorney for ROGER BUTTER

9